| | | FILED<br>CLERK, U.S. DISTRICT COURT |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | AUGUST 7 2019 |
| INMATE # _____ | CASE NUMBER | CENTRAL DISTRICT OF CALIFORNIA<br>CV 19-5813 FMO (MRW)<br>BY: vdr         DEPUTY |
| Dameond Young<br>PLAINTIFF(S)<br>v.<br>Atascadero State Hospital<br>DEFENDANT(S) | | ORDER RE REQUEST TO PROCEED WITHOUT<br>PREPAYMENT OF FILING FEES  JS-6 |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____        _____
Date                             United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☒ District Court lacks jurisdiction.
- ☐ Other _____

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☒ Seeks monetary relief from a defendant immune from such relief.
- ☒ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached statement of decision.

August 5, 2019                      Michael R. Wilner
Date                                United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED**, and this case is hereby DISMISSED immediately.
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

August 7, 2019                      /s/ Fernando M. Olguin
Date                                United States District Judge

CV-73P (08/16)        ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

Plaintiff Young's amended civil rights complaint should be dismissed <u>without</u> leave to amend.

In July 2019, the Court (Magistrate Judge Wilner) informed Plaintiff that his complaint against the state hospital at Atascadero failed to state a plausible claim upon which relief can be granted. The gist of his complaint is that the hospital "robbed" him of money in his account. The Court informed Plaintiff that his claim: (a) was barred by sovereign immunity (Plaintiff only named a state entity as a defendant); and (b) failed to identify a violation of Plaintiff's federal constitutional rights.

The Court gave Plaintiff leave to amend his complaint to attempt to state a proper cause of action. (Docket # 6.) However, a review of the proposed amended complaint pursuant to 28 U.S.C. § 1915(e) and 1915A shows that Plaintiff failed to meaningfully modify his putative cause of action. The amended complaint again accuses the state hospital of stealing his money. It does not properly allege a violation of the Plaintiff's civil rights under 42 U.S.C. § 1983.

The Court therefore recommends that the application for IFP treatment be denied and the action dismissed without leave to amend further.